| | |
|---|---|
| MODESTA BENCOMO, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 18-cv-806 |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) |
| v. | ) |
| | ) **Jury Trial Demanded** |
| L.J. ROSS ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Modesta Bencomo is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect a debt from him allegedly incurred for personal, family or household purposes.

5.      Defendant L.J. Ross Associates, Inc. ("LJR") is a foreign corporation with its principal place of business located at 4 Universal Way, Jackson, MI 49202.

6.      LJR is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.      LJR is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. LJR is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8.      On or about April 30, 2018, LJR mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "We Energies." A copy of this letter is attached to this complaint as Exhibit A.

9.      Upon information and belief, the alleged debt referenced in Exhibit A was incurred for heating and electric utility services provided to Plaintiff's household.

10.     Exhibit A was the first letter that LJR sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

11.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12.     Upon information and belief, Exhibit A is a form, initial communication, debt collection letter used by LJR to attempt to collect alleged debts.

13.     Exhibit A includes the FDCPA validation notice (*see* 15 U.S.C. § 1692g(a)):

The above client has referred your unpaid account to this agency for collection.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

14.     Immediately above the language reproduced in paragraph 13, Exhibit A states:

\* \* \* *Please have your account number* ▮▮▮*3887 available when you call our office.* \* \* \*

2

15. The request to have the consumer's account number available "when you call our office," is placed directly above the paragraph containing the validation notice and is both set apart and emphasized by asterisks.

16. The above language and its placement together, misleads the unsophisticated consumer into believing that calling LJR's office is the preferred method of contacting LJR and that calling is equivalent or superior to writing to LJR.

17. LJR's language and placement of the language about calling LJR's office is intended to make consumers believe that they can request verification of a debt by telephone, when in fact, oral disputes do not invoke the consumer's rights to receive verification and a temporary or permanent cessation of collection activities. 15 U.S.C. § 1692g(b); *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997) (debt collector is not actually required to obtain verification if it ceases collection).

18. <u>Exhibit A</u> also states:

In any communication with our company or your creditor, always refer to your account number printed on this letter.

19. The text in LJR's letter to Plaintiff and the class is inconsistent with, and overshadows, 15 U.S.C. § 1692g(a), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

3

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20.    Exhibit A additionally instructs the consumer: "In any communication with our company or your creditor, *always* refer to your account number printed on this letter." (emphasis added).

21.    Failure to provide the correct validation notice, or overshadowing it with confusing, contradictory, or apparently contradictory language, is a *per se* violation of the FDCPA. No analysis of materiality of the error or omission is required. *Janetos v. Fulton Friedman & Gullace, LLP*, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Ill. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

22.    For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, such a false statement is a material false statement, as it imparts in the unsophisticated consumer a false belief about the requirements to dispute a debt.

23.    In general, false, misleading or confusing statements about the debt itself, or about the creditor's, debtor's or debt collector's rights or intentions, are all material. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

24.    The unsophisticated consumer would be confused by the language in LJR's letter. The consumer would be misled into believing that a written dispute sent without the "claim number" would be disregarded or otherwise not treated as a dispute.

4

25.     LJR's language purports to impose additional requirements on debtors wishing to dispute a debt.

26.     LJR misleads debtors as to what they actually need to do to dispute a debt.

27.     LJR's letter has the practical effect of discouraging individuals from exercising their dispute rights.

28.     Debt collectors have an incentive to avoid processing dispute letters.  While the debt collection process is primarily automated, disputes must be processed by hand, and sometimes by an attorney's hand. Written disputes both cause debt collectors to incur costs of time and money to validate debts, and put the collector at risk of FDCPA liability for the subsequent communications related to validation. *See, eg. Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014) (debt collector's response to consumer's verification request was insufficient and violated 15 U.S.C. §§ 1692e and 1692g). Debt collectors may likewise be concerned that creditors, who must also respond to requests for validation, would be hesitant to use debt collectors whose letters prompt disputes, "wasting" creditors' time by requiring responses.

29.     Plaintiff was confused by Exhibit A.

30.     The unsophisticated consumer would be confused by Exhibit A.

31.     Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

32.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

5

33. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11

6

(11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

35.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

37.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

38.     The language in LJR's letter is false, misleading, and confusing to the unsophisticated consumer.

7

39.     The emphasized and asterisked request in <u>Exhibit A</u> to have the consumer's account number available "when you call our office," as well as the request's placement directly above the validation notice, misleads the consumer into believing that the consumer may request verification by calling LJR's office, as instructed.

40.     In fact, requests for verification or the identity of the original creditor must be made in writing. 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5).

41.     LJR's language in <u>Exhibit A</u> overshadows the validation notice. 15 U.S.C. §§ 1692g(a), 1692g(b).

42.     The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692e, and 1692e(10).

## <u>COUNT II – FDCPA</u>

43.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44.     The language in LJR's letter is false, misleading, and confusing to the unsophisticated consumer.

45.     <u>Exhibit A</u> tells the consumer that disputes must include their account number when the plain language of the statute does not require disputes to include this information. 15 U.S.C. § 1692g(a)(3).

46.     Defendant has failed to accurately provide the portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a).

47.     Defendant's letter provides extraneous, false and misleading information that overshadows the FDCPA validation notice required by 15 U.S.C. § 1692g(a).

8

48.     The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692e, and 1692e(10).

## CLASS ALLEGATIONS

49.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family, or household purposes, (d) between May 24, 2017 and May 24, 2018, inclusive, (e) that was not returned by the postal service.

50.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

51.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

52.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

53.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

54.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

55.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated: May 24, 2018

**ADEMI & O'REILLY, LLP**

By:    /s/ John D. Blythin
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Jesse Fruchter (SBN 1097673)
       Ben J. Slatky (SBN 1106892)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       jfruchter@ademilaw.com
       bslatky@ademilaw.com